**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 03-6601**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JERRY WAYNE SHEPPARD,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (CR-94-122; CA-98-747)

───────────

Argued: October 27, 2004          Decided: February 4, 2005

───────────

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

───────────

Vacated and remanded by unpublished per curiam opinion.

───────────

**ARGUED:** Elizabeth Bonnie Wydra, GEORGETOWN UNIVERSITY LAW CENTER, Appellate Litigation Program, Washington, D.C., for Appellant. Anne Margaret Hayes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Steven H. Goldblatt, Director, GEORGETOWN UNIVERSITY LAW CENTER, Appellate Litigation Program, Washington, D.C., for Appellant. Frank D. Whitney, United States Attorney, Christine Witcover Dean, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jerry Sheppard brings this 28 U.S.C. § 2255 action challenging the sentence imposed upon him by the district court on the ground that he was denied his Sixth Amendment right to counsel because his counsel was operating under a conflict of interest. Because we find that the district court erred in not holding an evidentiary hearing on this issue, we vacate the decision of the district court and remand for appropriate proceedings.

I.

On June 30, 1995, Jerry Sheppard was found guilty on two counts of conspiracy to distribute and possession with intent to distribute cocaine and marijuana. As a result of this conviction, Sheppard was imprisoned for 210 months.

Alice Stubbs represented Sheppard during both the trial and sentencing phases of this action. Assistant United States District Attorney ("AUSA") Jane Jackson represented the United States at trial. AUSA J. Douglas McCullough represented the United States during the sentencing phase of the proceedings. During the sentencing hearing, AUSA McCullough referred to Sheppard as "the violent enforcer of a drug operation" who has "no conscience and no remorse," J.A. 84-85, and contended that a sentence at the high end of the United States Sentencing Guidelines was required "to protect the public as long as we can from a man with his

3

background, who does the types of things that he does so regularly." Id. at 85. Ultimately, the district court found that Sheppard was subject to a custody range of 168 to 210 months, and sentenced him to the maximum allowable under the Sentencing Guidelines.

In October of 1995 Sheppard brought a direct appeal of his conviction to this Court, arguing that reversible error occurred during both the trial and sentencing phases of his criminal trial. At the time, Sheppard was still represented by Ms. Stubbs. In November of 1996, AUSA McCullough left the United States Attorneys' office and joined Ms. Stubbs's law firm of Stubbs and Perdue.

In June of 1997, the Government filed a brief responding to Sheppard's contentions. Although a motion for extension of time to file a reply brief was granted, no reply was ever filed. Ms. Stubbs represented Sheppard at oral argument on October 27, 1997. However, in November of 1997, Ms. Stubbs was appointed to the 10th Judicial District of the North Carolina bench. Shortly thereafter, former AUSA McCullough, still employed by Stubbs and Perdue, was appointed to represent Sheppard.[*] Prior to his appointment, Mr. McCullough notified the district court that he had been an AUSA during Sheppard's criminal trial. This Court affirmed the

_____

*Despite a thorough search of the record, this court has been unable to determine the exact date of said appointment.

4

conviction and sentence on direct appeal on January 20, 1998. See United States v. Love, 134 F.3d 595 (4th Cir. 1998).

On February 11, 1998, Mr. McCullough filed both a petition for panel rehearing pursuant to Fed. R. App. P. 40 and a motion for leave to file a petition for rehearing out of time because the petition for rehearing was untimely. In the panel rehearing petition, Mr. McCullough argued that the district court committed reversible error by allowing inadmissible evidence into the record. Ultimately, both motions were denied by this Court. Mr. McCullough also represented Sheppard in his petition for writ of certiorari, which was denied on June 15, 1998.

Having exhausted his direct appeals, Sheppard next filed a 28 U.S.C. § 2255 petition pro se. The petition alleged, among other things, that Sheppard received ineffective assistance of counsel from both his trial and appellate counsel. In particular, Sheppard claimed that he had not received effective assistance of counsel because Mr. McCullough was operating under a conflict of interest. Sheppard alleged that this conflict arose because Mr. McCullough's role as Sheppard's appellate counsel required him to attack the very sentence he had argued for during his tenure as an AUSA.

In response, Mr. McCullough filed two affidavits. In the first affidavit, Mr. McCullough stated that he:

> never played any role in the prosecution of this case, and merely administered the office at a time when this case was pending, as were numerous other cases. Your undersigned had no direct involvement in this Defendant's

5

case, nor did I ever appear in court on behalf of the
United States against this defendant.

J.A. 119.  However, after a review of the record, Mr. McCullough

was forced to amend that affidavit, stating:

> In a prior affidavit filed with this Court I stated that
> I had not appeared in court for the Government in this
> case.  After reviewing a portion of the sentencing
> transcript, that part of my previous affidavit appears to
> be in error.  I have absolutely no recollection of Mr.
> Sheppard or of handling his sentencing hearing for the
> Government and was undoubtedly handling the matter due to
> Ms. Jackson, the assigned Assistant United States
> District Attorney, being elsewhere.  The sentencing
> recommendation  made in court was taken after receiving
> Ms. Jackson's instructions and merely reflected her views
> on the sentencing of this defendant.

Id. at 156.

The United States District Court for the Eastern District of

North Carolina, Western Division, granted the government's motion

for summary judgment and denied Sheppard habeas relief.  This Court

subsequently granted a certificate of appealability solely on the

conflict of interest issue.


                                II.

Sheppard contends that at minimum the district court should

have held an evidentiary hearing on the issue of whether a conflict

of interest was present in this case.  We agree.

As a general matter, it is clearly established federal law

that the Sixth Amendment right to counsel is the right to effective

counsel.  See Strickland v. Washington, 466 U.S. 668, 686 (1984).

                                 6

It is also clearly established that the right to effective counsel includes the right to representation that is free from conflicts of interest.  See Rubin v. Gee, 292 F.3d 396, 401 (4th Cir. 2002) (citing Cuyler v. Sullivan, 446 U.S. 335, 348-50 (1980)).  In order to establish a conflict of interest claim, a defendant "must demonstrate that an actual conflict of interest adversely affected his lawyer's performance."  Rubin, 292 F.3d 396, 401 (citing Sullivan, 446 U.S. at 348 (1980)).  And, an adverse effect cannot be presumed solely from the existence of a conflict of interest. See Mickens v. Taylor, 535 U.S. 162, 170-75 (2002); Rubin, 292 F.3d at 401.

As Sheppard brought his habeas claim under 28 U.S.C. § 2255, we are guided by the dictates of that section.  Under § 2255:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C.A. § 2255.  "Section 2255 of Title 28 U.S.C. provides that unless the record conclusively shows that the prisoner is entitled to no relief, the district court should conduct an evidentiary hearing and state its findings and conclusions."  United States v. Young, 644 F.2d 1008, 1013 (4th Cir. 1981).

Therefore, in order for the lack of an evidentiary hearing in this case to be proper, the record must conclusively show either

7

that an actual conflict of interest did not exist, or that the conflict in question did not adversely impact Mr. McCullough's performance. Here, Sheppard alleges that Mr. McCullough operated under an actual conflict of interest when he was forced to argue against the very same sentence for which he earlier argued in favor. Sheppard further alleges that Mr. McCullough's performance was adversely affected by this conflict of interest when Mr. McCullough, as a result of a lack of zeal, failed to timely file a petition for rehearing en banc. While we make no judgment regarding the propriety of the conduct in question, we simply cannot find that the record conclusively shows that the prisoner is not entitled to habeas relief. Therefore, we find that § 2255 mandates that an evidentiary hearing be held in this case.

As an initial matter, we cannot accept the assertion that Mr. McCullough "simply was standing in for AUSA Jackson, who was unable to appear for sentencing that day," and "simply relayed Ms. Jackson's recommendation of a sentence at the top end of the guideline range." J.A. 199. Even assuming the above is true, Mr. McCullough's statements during the sentencing hearing are attributable to Mr. McCullough himself, and not Ms. Jackson. Mr. McCullough presented himself to the court as an AUSA, and appeared as counsel of record for the Government at Sheppard's sentencing hearing. Further, he argued vigorously for the highest sentence allowable in order "to protect the public as long as we can from a

8

man with his background, who does the types of things that he does so regularly," stating that Sheppard was "the violent enforcer of a drug operation" who has "no conscience and no remorse." Id. at 84-85. Despite the Government's insistence to the contrary, we believe that the fact that Mr. McCullough did not otherwise proffer additional arguments at sentencing is irrelevant to whether or not he acted as counsel on both sides of the matter in question. We know of no instance where counsel were permitted to appear before a court as counsel of record, argue on the record, and then successfully argue that the words and arguments were not attributable to them. We will not establish any such precedent here.

Given that position, the facts of this case simply do not conclusively show that Sheppard was not entitled to habeas relief on his conflict of interest claims. Specifically, the issue of whether this actual conflict of interest adversely affected the representation Sheppard received is a factual question not conclusively resolved by the record. Mr. McCullough, in his role as defense counsel, was called upon to attack the very sentence he earlier argued for. Sheppard contends that, as a result of this conflict, Mr. McCullough possessed a "lack of zeal" in his representation and argues that the untimely filing of the petition for rehearing en banc is evidence thereof. Again, we specifically make no finding regarding whether an actual conflict of interest

9

adversely affected the representation Sheppard received.  We simply conclude that the record at this point does not conclusively show that Sheppard is not entitled to habeas relief.  As such, we find that an evidentiary hearing is warranted.

<u>VACATED AND REMANDED</u>